IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC 19 PM 3: 41

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

KENNETH B. WHITE,

    Plaintiff,

vs.

No. 05-2764-Ma/V

JAMES O. MARTY, et al.,

    Defendants.

ORDER CORRECTING THE DOCKET
AND
ORDER DIRECTING THE PLAINTIFF TO FILE A
NONPRISONER IN FORMA PAUPERIS AFFIDAVIT
OR PAY FULL $250 CIVIL FILING FEE

    Plaintiff Kenneth B. White, Tennessee Department of Correction prisoner number 300836, who was, at the time he commenced this action, an inmate at the South Central Correctional Facility in Clifton, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 on October 11, 2005. On November 7, 2005, plaintiff notified the Clerk that he had been released on parole.[1]

    Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915(a)-(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a).[2] The statute merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in

---

[1] The Clerk is ORDERED to correct the docket to reflect the address supplied by the plaintiff on November 7, 2005.

[2] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _12-22-05_

installments. See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997) ("[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. Prisoners are no longer entitled to a waiver of fees and costs."). In this case, the plaintiff was released from prison before an assessment order issued and before any portion of the filing fee was paid.

The Sixth Circuit has held that, "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." Id. at 613. Accordingly, the plaintiff is ORDERED, within thirty (30) days of the date of entry of this order, to file a nonprisoner in forma pauperis affidavit or pay the $250 civil filing fee. Failure to comply will result in dismissal of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute. The Clerk shall mail the plaintiff a copy of the nonprisoner in forma pauperis affidavit along with this order.

IT IS SO ORDERED this 29th day of November, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 7 in case 2:05-CV-02764 was distributed by fax, mail, or direct printing on December 27, 2005 to the parties listed.

---

Kenneth B. White
SOUTH CENTRAL CORRECTIONAL FACILITY
300836
555 Forrest Avenue
P.O. Box 279
Clifton, TN 38425--027

Honorable Samuel Mays
US DISTRICT COURT